IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02084-PAB-STV

COREY A. SLATER,

    Plaintiff,

v.

KENNETH TEAGUE, and
DOUGLAS COUNTY JAIL

    Defendants.

___

**ORDER**
___

Magistrate Judge Scott T. Varholak

    This civil action comes before the Court on Plaintiff's letter requesting counsel [#16] and Motion for Appointment of Counsel [#18] (collectively, the "Motions"). Plaintiff, proceeding *pro se*, filed the instant action alleging that Defendants violated his First Amendment rights while he was incarcerated at the Douglas County Jail. [#4] Plaintiff's Motions seek the appointment of counsel to assist Plaintiff in prosecuting this action. [#16, 18] Following its review of the Motions, the case file, and the applicable law, this Court DENIES the Motions, without prejudice, for the reasons stated below.

    The determination of whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his

1

claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). Under Local Rule of Practice 15(f)(1)(B), the Court applies the following factors and considerations in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the *pro se* party's claims; 3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and 4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

In support of his request for appointment of counsel, Plaintiff states that he lacks knowledge of the law and that he has unsuccessfully tried to obtain counsel "through multiple outlets." [#16] Plaintiff also states that he has recently "been burdened with a multitude of paperwork" and that he has had difficulty understanding the legal terminology. [#18] Finally, Plaintiff contends that attorneys have told him that he has a great case, but that they cannot take his case because their caseload is full. [#29-1]

This Court has considered Plaintiff's request for appointed counsel in light of the factors identified in *Hill* and D.C.COLO.LAttyR 15(f)(1)(B). This case remains at the very early stages of litigation. Given the early stages of litigation, the Court cannot evaluate the merits of Plaintiff's claims.

Moreover, the allegations in the Complaint do not suggest that the case is unusually complex. Plaintiff appears to possess knowledge of many of the facts needed to prosecute his case. Moreover, Plaintiff is no longer in custody, and should therefore be able to conduct any necessary discovery and investigation. But, if as the case proceeds it becomes clear that retained experts are necessary, or that the case is unusually complex, Plaintiff can file a renewed motion for counsel.

Finally, while Plaintiff has represented in his Motions that he has unsuccessfully contacted some attorneys, the Motions only identify three such attorneys. Moreover, Plaintiff contends that these attorneys have told him that he has a great case, but that these attorneys are simply too busy at this point to enter their appearances. If Plaintiff contacts additional attorneys who are currently less busy, one of those attorneys may agree to represent Plaintiff.

Given these factors, the Court cannot conclude that the interest of justice would be served by appointment of civil counsel. If, as the case develops, the merits or complexity of the case become clearer, Plaintiff may renew his request.

Accordingly, IT IS ORDERED that Plaintiff's Motions requesting counsel [#16, 18] are **DENIED without prejudice**.

DATED: September 20, 2017                                        BY THE COURT:

                                                                                s/Scott T. Varholak
                                                                                United States Magistrate Judge